WHITELEY *v.* WILCOX OIL COMPANY.

5-716                                    280 S. W. 2d 903

Opinion delivered July 4, 1955.

Rex W. Perkins and E. J. Ball, for appellant.

Glenn R. Davis, Price Dickson and W. B. Putman, for appellee.

ED. F. McFADDIN, Justice.  Appellants filed this action for $1,979.90 against appellee, Wilcox Oil Company, a corporation.  The theory of the appellants was that they were entitled to the "retainage" which the State allowed the appellee.  The cause was tried on an agreed statement of facts before the Circuit Court without a jury and resulted in a judgment for the appellee.  We copy the agreed statement of facts *in toto*:

"R. W. Whiteley and John F. Whiteley are partners operating a filling station on the corner of West Mountain Street and South School Street in the City of Fayetteville, under the firm name of R. D. Whiteley and Sons Service Station.  Neither the partnership nor any members thereof were qualified as 'distibutors' or 'persons other than distributors' as provided by §§ 75-1109 and 75-1110, Arkansas Statutes (1947) and were not authorized to buy motor fuels for sale in the State of Arkansas without payment of the Arkansas Motor Fuel Taxes, during any period of time in which said plaintiffs purchased gasoline from the defendant.

"Wilcox Oil Company is a corporation duly organized under the laws of the State of Delaware and is authorized to do business in Arkansas and is qualified as a distributor of motor fuels in the State of Arkansas as provided by § 75-1109, Arkansas Statutes (1947) holding distributors Permit No. 151 issued by the Commissioner of Revenues of the State of Arkansas and was such licensed distributor at all times involved herein.

"Wilcox Oil Company sold motor fuels to R. D. Whiteley and Sons from time to time beginning in De-

cember, 1949, and the last sale being in February, 1954. Sales were made at the Wilcox bulk plant at Bristow, Oklahoma, and transported to Fayetteville by public carrier tank truck. Gallonages were measured at the bulk plant at Bristow, Oklahoma, with proper temperature correction. No shortages existed when delivery was made at Bristow. Gasoline was transferred from tank truck directly to Whiteley's retail tanks.

"During the period the parties were engaged in the purchase and sale of gasoline, Wilcox reported all gasoline sold to Whiteley for sales in the State of Arkansas and collected the correct Arkansas Motor Fuel Tax, making reports and remittances to the Commissioner of Revenues of the State of Arkansas, retaining therefrom the percentages authorized by § 75-1112C (1) (e) as amended by Act 352 of 1949. During the period herein covered, Wilcox retained one thousand nine hundred forty-six dollars and seventy-six cents ($1,946.76).

"At no time were any shortages in motor fuels suggested or claimed, either by evaporation, shrinkage or other losses from unknown causes by reason of the shipment of motor fuels from the Wilcox bulk plant to the Whiteley Retail Station."

The Circuit Court judgment was correct. Section 75-1101 *et seq.* Ark. Stats. is the "Motor Fuel Tax Law." Section 75-1106 levies a tax of 6½¢ per gallon on the motor fuel—gasoline, in the case at bar. Sections 75-1109 to 75-1113, inclusive, provide for the licensing of distributors and other persons; and require, *inter alia,* an application, a surety bond, accurate bookkeeping, regular reports, and remittances; and § 75-1112 (C) (1) (e), as amended by Act 352 of 1949, allows a "retainage" in this language:

". . . it being determined by the General Assembly that 2% on the first 200,000 gallons of motor fuel so received by the distributor and 1% of the remaining of the total gallonage so received is the actual and average amount of loss resulting from evaporation, shrinkage

and losses resulting from unknown causes irrespective of the amount thereof, and the cost of collection.''

Thus, under the law, the person holding a permit and making the collections and reports is allowed to keep a ''retainage'' to cover losses and cost of collections. Appellee, Wilcox Oil Company, was the license holder and kept the ''retainage'' in the case at bar; and appellants are trying to recover the said retainage on all the gasoline that they purchased from the Wilcox Oil Company. Appellants never attempted to become licensed in any way by the State of Arkansas. They were willing to let appellee perform all the requirements of the Arkansas law; and now appellants want to recover from appellee the $1,946.76 which the State of Arkansas allowed appellee to retain for all of its shrinkage, losses, troubles, and expenses of collection.

The agreed statement demonstrates the fallacy of appellants' contentions. If they had wanted to have the ''retainage,'' they should have complied with the applicable Statutes, as mentioned. The money appellee retained was allowed by the State to the appellee, as a licensed distributor. There is no merit in appellants' claim that appellee has been unjustly enriched. The case of *Cook, Comm.* v. *Sears Roebuck,* 212 Ark. 308, 206 S. W. 2d 20, does not support the appellants in any way. In 1 Am. Jur. 417, in discussing ''Elements of Good Cause of Action,'' the holdings of the cases are summarized in this language:

''A cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done, . . . The essential elements of a good cause of action are the existence of a legal right in the plaintiff, with a corresponding legal duty in the defendant, and a violation or breach of that right or duty with consequential injury or damage to the plaintiff, for which he may maintain an action for the recovery of money damages, or other appropriate relief.''

The law says 'there is no wrong without a remedy'; and the converse of the situation must also be true: there can be no remedy when there has been no wrong. Here the appellee has not wronged the appellants in any way so the appellants have no cause of action on the statement of facts to which they agreed. The Circuit Court was correct in so holding.

Affirmed.